UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**SAM CASE,**

                        **Plaintiff,**

                    **-v-**                         **9:10-CV-888 (NAM/TWD)**

**JOSEPH T. SMITH, J. STEFANIK, CUTLER,
CANE, C.O. KEYS, AUBE,**

                        **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:
Sam Case
09-B-2295
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
David L. Cochran, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* action, commenced pursuant to 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the New York Department of Corrections and Community Services ("DOCCS"), claims that defendants failed to protect him from sexual assault by another inmate or to provide him with medical care thereafter.  Defendants move (Dkt. No. 43) for summary judgment dismissing the complaint on the ground of failure to exhaust administrative remedies.  Plaintiff does not dispute that he failed to complete the administrative process after filing a grievance regarding the alleged sexual assault.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation recommending that the motion be denied. Defendant objects. Accordingly, the Court conducts *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C).

In recommending denial of the motion, Magistrate Judge Dancks notes that, in the Second Circuit, failure to exhaust may be excused on a number of grounds, including "special circumstances." *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The Second Circuit has not yet decided the question of whether the *Hemphill* framework survived *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion of administrative remedies, including properly using all steps that the agency holds out, so that the agency addresses the issues on the merits). *See Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) ("We have questioned whether, in light of *Woodford*, the doctrine[] ... of special circumstances survived"; declining to decide the question). In the absence of guidance from the Second Circuit, district courts generally continue to apply *Hemphill* in the many cases in which the question has arisen. *See, e.g., Malik v. City of New York*, 2012 WL 3345317, *7, n.7 (S.D.N.Y. Aug. 15, 2012) (citing cases); *Gantt v. Lape*, 2012 WL 4033729, *7 (N.D.N.Y. Jul. 31, 2012).

In his opposition to the motion, plaintiff alleges the following; that he filed a grievance at Shawangunk Correctional Facility, where the alleged incidents occurred; that the grievance was ignored; that in an effort to appeal the lack of response, he wrote to the Commissioner of DOCCS, the Superintendent of Shawangunk, and the grievance officer; that a member of the Inmate Grievance Resolution Committee told him sexual assaults are not grievable; that the supervisor of the committee "would not allow assistance of grievance procedure from the inmate

representative"; that a few days later, plaintiff was transferred to the main Clinton Correctional Facility; that upon arriving, plaintiff tried unsuccessfully to access the law library; that three weeks later he was transferred to the Clinton Correctional Facility Annex; and that there, he "received assistance and was told there was no remedies available." On *de novo* review, applying *Hemphill*, the Court agrees with Magistrate Judge Dancks that plaintiff's allegations of special circumstances are sufficient to resist summary judgment on the ground of failure to exhaust.

It is therefore

ORDERED that the Report-Recommendation (Dkt. No. 55) is accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 43) for summary judgment is denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: September 19, 2012
      Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge